# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| TONY JAMES LEFLORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:17cv393-AKK |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the court is Petitioner's motion for rehearing or reconsideration, doc. 46. Petitioner seeks reconsideration of this court's order, doc. 44, denying Petitioner's motion for leave to file an interlocutory appeal, doc. 43, from the Magistrate Judge's order of January 14, 2019, doc. 41, denying Petitioner's motion to correct clear error or prevent a manifest injustice, doc. 40. In his motion to correct clear error or prevent a manifest injustice, doc. 40, Petitioner maintained that the Magistrate Judge erred by failing to construe his motion to compel, doc. 36, and his motion to rehear, doc. 38, as motions for partial summary judgment in this § 2255 action. With one exception, Petitioner's pending motion for rehearing or reconsideration, doc. 46, presents arguments this court has already considered and rejected.

1

Petitioner states that, in the Magistrate Judge's January 14, 2019 order, doc. 41, the Magistrate Judge refers to and relies upon a "fictitious document," an order of procedure purportedly entered by the court on June 6, 2017. *See* doc. 46 at 3-7. Petitioner states that no such order of procedure was entered by the court. Petitioner is correct insofar as the Magistrate Judge's order of January 14, 2019 incorrectly refers to the entry date of the order of procedure as June 6, 2017. *See* doc. 41 at 1. The court actually entered the order of procedure on June 21, 2017. Critically, however, the Magistrate Judge referred to the order of procedure by its correct docket number, doc. 4, and also correctly represented what the order of procedure held. *See* doc. 41 at 1 (noting that "this court advised the parties that 'no motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the motion to vacate may be filed by any party without permission of the court' and that '[i]f any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless further order of the court.' Doc. # 4 at 3–4.").

The citation to the incorrect entry date of the order of procedure does not vitiate the language of the order of procedure or affect the legal conclusions in the Magistrate Judge's January 14, 2019 order denying Petitioner's motion to correct clear error or prevent a manifest injustice. As this court found in its order of

February 8, 2019, the Magistrate Judge's January 14, 2019 order denying Petitioner's motion involves no controlling issue of law on which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of the litigation in this case. Doc. 44 at 1; *see* 28 U.S.C. § 1292(b). Petitioner has not shown that reconsideration of his motion for leave to file an interlocutory appeal is warranted. Accordingly, it is **ORDERED** that the motion for rehearing or reconsideration, doc. 46, is **DENIED**.

**DONE** the 6th day of May, 2019.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE