IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY JAMES LEFLORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:17-cv-393-AKK-CSC |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The magistrate judge entered a Report and Recommendation, recommending that the 28 U.S.C. § 2255 motion filed by Tony James Leflore be denied. Doc. 59. Leflore filed timely objections to the R&R. Doc. 60. Upon a *de novo* review of the record, the court finds that the portions of the R&R to which Leflore objected are free from factual and legal error and that the R&R is due to be adopted. For the most part, Leflore's objections merely restate arguments adequately and correctly addressed in the R&R. However, brief discussion is warranted regarding certain arguments raised in Leflore's objections that are not mere reassertions of matters already fully addressed in the R&R.

**I.**

Leflore's § 2255 motion presented numerous claims of ineffective assistance of counsel, all of which the magistrate judge's R&R rejected as grounds for relief.

In his objections, Leflore argues that the magistrate judge erred in applying "the usual presumption of effectiveness" to his counsel. Allegedly, his counsel was ineffective, as evidenced by his reprimand by the Alabama State Bar for violating his fiduciary duty to other clients, and allegedly suffered from mental health problems in 2017 (well after counsel represented Leflore) stemming, Leflore claims, from the Alabama State Bar's disciplinary action against counsel. Doc. 60 at 3–5.

Notwithstanding events involving counsel that occurred after Leflore's trial and appeal, Leflore has demonstrated no professionally unreasonable performance by counsel *in his case*. The record reflects that counsel acted zealously on Leflore's behalf during trial and on appeal. Nor has Leflore demonstrated any prejudice resulting from his counsel's allegedly deficient performance. Demonstrating neither deficient performance nor resulting prejudice, Leflore is entitled to no relief based on his allegations of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## II.

In his § 2255 motion, Leflore claimed that his counsel rendered ineffective assistance by preventing him from testifying in his own defense at trial. Doc. 1 at 5; Doc. 2 at 31–35. According to Leflore, he informed counsel of his desire to testify several times in private discussions, but counsel would not allow him to do so. Doc. 2 at 32.

In rejecting Leflore's claim, the magistrate judge noted that the trial record showed that when the district court questioned Leflore regarding whether he wished to testify, Leflore affirmed to the district court that (1) he understood his right to testify or not to testify; (2) he had discussed whether to testify with his counsel; and (3) that he had voluntarily decided not to testify. Doc. 59 at 11–13. Thus, regarding Leflore's claim that his counsel prevented him from testifying in his own defense, the magistrate judge found that "Leflore's current version of events is so discredited by the record that no reasonable trier of fact could believe it." *Id*. at 12.

In his objections, Leflore argues that the magistrate judge relied on the credibility of his counsel's statement, made in an affidavit addressing this issue, that counsel had informed Leflore about his right to testify. Doc. 60 at 11. However, the R&R reflects that the magistrate judge relied on the record evidence of Leflore's statements to the district court that his counsel had advised him of his right to testify and that he did not wish to exercise that right. *See* Doc. 59 at 11–13.

Leflore also contends that the record does not establish the substance of his discussions with his counsel about whether to testify, i.e., whether his counsel had discussed the pros and cons of testifying. Doc. 60 at 13–14. However, the gist of Leflore's claim in his § 2255 motion was not that he waived his right to testify without understanding the significance of that waiver. His claim was that he asked his counsel several times that he be allowed to testify, but counsel ignored his

3

requests. The magistrate judge properly addresses this claim when finding that, because Leflore stated to the district court that he had discussed his right to testify with counsel and that he did not wish to testify, Leflore could not later be heard to claim that counsel had prevented him from testifying. Doc. 59 at 13.

### III.

Leflore objects to the magistrate judge's finding that the claims he presented in an amendment to his § 2255 motion should be dismissed as time-barred under 28 U.S.C. § 2255(f). Doc. 60 at 15. According to Leflore, his amended claims related back under Fed. R. Civ. P. 15(c)(2) to a claim in his timely § 2255 motion alleging a deficiency in particularity in the warrant to search his residence. *Id.* at 15–17.

In his § 2255 motion, Leflore raised five specific claims of ineffective assistance of trial counsel and one claim of ineffective assistance of appellate counsel. One of Leflore's claims of ineffective assistance of trial counsel alleged that his counsel was ineffective for failing to raise a Fourth Amendment challenge to the search of his residence based on the search warrant's alleged failure to describe with particularity the evidence sought. Doc. 1 at 4; Doc. 2 at 3–31. That claim, however, was based on a different set of facts and a different legal analysis than the claims Leflore raised in his amendment to his § 2255 motion. Leflore's amended claims focused on alleged differences in the search warrant on file with the court and the search warrant provided to the defense during discovery. Doc. 31 at 1–7.

Leflore's original ineffective-assistance claim regarding an alleged deficiency in particularity in the search warrant gave no indication of the claims he later raised in his amendment, and the claim in his § 2255 motion and those in his amendment were based on a different set of facts and involved a different legal analysis. *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). Therefore, the magistrate judge correctly determined that Leflore's amended claims did not relate back to his original motion and that his new claims should be dismissed as time-barred under § 2255(f).

### IV.

The Court having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, Leflore's objections, doc. 60, are hereby **OVERRULED** and the Report and Recommendation, doc. 59, is **ADOPTED**. Accordingly, the Court **ORDERS** that the 28 U.S.C. § 2255 motion is **DENIED** and this action is **DISMISSED** with prejudice.

Final judgment will be entered separately.

**DONE** the 6th day of May, 2021.

                                                  **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE