IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TONY JAMES LEFLORE,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Civil Action No. |
| ) | 2:17cv393-CSC |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.  ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tony James Leflore is before the Court on a motion for relief from judgment under Rule 60(b) and (d) of the Federal Rules of Civil Procedure (Doc. 75) in which he asks the Court to vacate its May 2021 judgment denying his 28 U.S.C. § 2255 motion.

## I.  BACKGROUND

In September 2014, a jury in the Middle District of Alabama found Leflore guilty of conspiracy to possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1)(A), 846; possession of powder cocaine and crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and sixteen counts of unlawful use of a communication facility (a cellular telephone), in violation of 21 U.S.C. § 843(b), (d)(1). On February 6, 2015, the district court sentenced Leflore to 292 months in prison. Leflore appealed, and the Eleventh Circuit affirmed his convictions and sentence in June 2016.

In June 2017, Leflore filed a § 2255 motion in this Court presenting the following claims:

1. His trial counsel was ineffective for failing to raise a Fourth Amendment challenge to the search of his residence based on the search warrant's failure to describe with particularity the evidence sought.

2. His trial counsel was ineffective for preventing him from testifying in his own defense.

3. His trial counsel was ineffective for failing to challenge the accuracy of the Government's organizational chart depicting the structure of the drug ring and the roles of the coconspirators.

4. His trial counsel was ineffective for failing to investigate and present a defense based on testimony from two charged coconspirators—Clifton Quinn and Allex May—who Leflore says could have provided exculpatory testimony on his behalf and testified about Government witnesses colluding to incriminate him.

5. His trial counsel was ineffective for (a) failing to move to exclude coconspirator Stanley Parker's testimony on grounds it was based on information Parker learned from coconspirators Frederick Gibbs and Leonardo Fuller in jail before trial, and (b) failing to seek a pretrial sequestration order separating Parker, Gibbs, and Fuller from each other at the jail.

6. His appellate counsel was ineffective for failing to pursue a claim challenging the district court's imposition of U.S.S.G. § 3B1.1(a)'s four-level organizer/leader enhancement to his offense level calculation under the Sentencing Guidelines.

Leflore later amended his § 2255 motion to add claims based on alleged discrepancies in the search warrant issued for his residence and the warrant produced in discovery, and the consecutively signed search warrants that issued in his case.

On January 14, 2020, the Magistrate Judge entered a Recommendation finding that all of Leflore's ineffective-assistance claims lacked merit and that the claims presented in his amendment were untimely raised. Doc. 59. On May 6, 2021, the District Court entered a Memorandum Opinion adopting the Magistrate Judge's Recommendation and entered a

Final Judgment denying Leflore's § 2255 motion and dismissing the case with prejudice. Docs. 62, 63. Leflore appealed, and the Eleventh Circuit denied his application for a certificate of appealability. Doc. 74.

In his Rule 60 motion Leflore claims that the prosecutor improperly argued to the jury and the trial court that Leflore was part of the drug-distribution conspiracy and that various government witnesses testified falsely. Doc. 75 at 2–5. For the reasons that follow, the Court finds that Leflore's Rule 60 motion constitutes a successive § 2255 motion filed without the required appellate court authorization. And without that authorization, this Court lacks jurisdiction to consider the merits of the successive § 2255 motion.

## II.  DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court.[1] *See* Fed. R. Civ. P. 1. Rule 60 provides no vehicle for relief from a judgment in a criminal case. *See United*

---

[1] Federal Rule of Civil Procedure 60 permits a litigant to move for relief from an otherwise final judgment in a civil case. In his motion for relief under Rule 60, Leflore purports to proceed under Rule 60(b)(2), (3), and (6) and Rule 60(d)(3). Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment. Federal Rule of Civil Procedure 60(d)(3) permits the court to set aside a civil judgment based on fraud on the court.

*States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

The U.S. Supreme Court explained in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent they are "not inconsistent with applicable federal statutory provisions," *id.* at 529 (internal marks omitted), and that the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not explicitly limit the operation of Rule 60(b). *Id*. The Act does, nonetheless, foreclose application of that rule where it would contravene the AEDPA's restrictions on successive petitions. *Id*. at 529–30. Although *Gonzalez* addressed this issue in the context of petitions for writ of habeas corpus under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n.3, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to proceedings under 28 U.S.C. § 2255. *United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005); *see Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010). Accordingly, for the sake of clarity and simplicity, where the principles addressed by *Gonzalez* are referred to and discussed herein, this Recommendation uses nomenclature appropriate to motions for relief under § 2255.

"[W]hen faced with what purports to be a Rule 60(b) motion . . . federal courts must determine if it really is such a motion or if it is instead a second or successive application for habeas relief in disguise." *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016) (citing *Gonzalez*, 545 U.S. at 530–31). When a federal inmate brings a motion under Rule 60, the district court may construe it as a 28 U.S.C. § 2255 motion and, if applicable, treat it as an unauthorized second or successive motion. *See Galatolo*, 394 F. App'x at 671. If

4

the nominal Rule 60(b) motion is properly construed as a second or successive § 2255 motion, and the petitioner has failed to obtain authorization from the court of appeals, the district court lacks subject matter jurisdiction on the merits of any claims. *Id*.

In *Gonzalez,* 545 U.S. at 531–32, the Supreme Court provided guidance on how claims in a Rule 60 motion should be construed where the petitioner has filed a previous § 2255 motion that has been denied. If the Rule 60 motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2255 claim on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion attacking the conviction and sentence, and dismiss it accordingly. *Id*. at 532. A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a . . . judgment of conviction." *Id*. at 530. Under *Gonzalez*, no "claim" is asserted when a Rule 60(b) motion attacks neither the underlying judgment of conviction nor the substance of the federal court's resolution of a claim on the merits, but rather attacks "some defect in the integrity of the federal habeas proceedings." *Id.* at 532–33. A Rule 60 motion can properly be used to attack a true "defect in the integrity of the federal habeas proceedings," *id.* at 532, or to "assert[ ] that a previous [habeas] ruling which precluded a merits determination was in error," *id*. at 532 n.4. Such motions can be ruled on by the district court without the pre-certification from the court of appeals ordinarily required for a second or successive § 2255 motion.[2] *Id.* at 538; *see Galatolo*, 394 F. App'x at 672.

---

[2] The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district

Leflore's present claims about the prosecutor's allegedly improper argument to the jury and trial court and the alleged false testimony of trial witnesses constitute new claims that, as defined by the Supreme Court in *Gonzalez*, assert bases for relief from his judgment of conviction. Consequently, under *Gonzalez*, Leflore's self-styled Rule 60 motion must be construed as a successive § 2255 motion. *See* 545 U.S. at 532.

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Leflore has obtained no certification from the Eleventh Circuit authorizing this Court to proceed on a successive § 2255 motion, his successive § 2255 motion should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Leflore's nominal Rule 60 motion be DISMISSED for lack of jurisdiction because it constitutes a successive § 2255 motion filed without the required appellate court authorization.

It is further

---

court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h). A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant has failed to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

ORDERED that the parties shall file any objections to this Recommendation by February 22, 2023. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of February, 2023.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE